# BANK OF PORTO RICO
## *v.*
# MANUEL ARGUESO.

COMMERCIAL PAPER—ACCOMMODATION MAKER—TAXATION UPON REVENUE LAWS.

1. If one be an accommodation maker of a note, then, as between him and the principal, he is but a surety; and this is true as to the creditor, if he knows it.

2. If a creditor, by a new agreement upon sufficient consideration, extends time to the principal debtor without the knowledge or assent of the surety or accommodation maker, the latter is thereby released from liability on the note.

3. A section of the Political Code of Porto Rico, providing that notes sued upon which have never been listed as provided by the insular revenue law, and upon which no taxes have been paid, shall not be recoverable in any court of the island until these requisites are complied with, does not destroy the validity of the contract, but merely suspends the remedy. It applies only to the courts of Porto Rico, and not to this court.

June 15, 1903.

*Bills and notes—accommodation maker as surety.* The authorities determining the admissibility of extrinsic evidence to show who is liable as the maker of a note, and whether one executing a note is liable as surety, and not as maker, are presented and discussed in editorial note to Keidan v. Winegar, 20 L. R. A. 705.

*Discharge of surety—extension of time—consideration.* The question as to whether the fact that the consideration for the extension of time is usurious will vitiate the extension so as to prevent its operating as a discharge of the sureties is discussed and the authorities fully presented in editorial note to Fleming v. Borden, 53 L. R. A. 316.

PORTO RICO—4.

*Mr. Dexter & Hord* for the plaintiff.

*Mr. N. B. K. Pettingill* for the defendant.

HOLT, Judge, delivered the following opinion:

This action at law is upon three promissory notes executed by the defendant, Manuel Argueso, to the firm of Egozcue & Palau, and assigned by them to the plaintiff bank.

As to the two notes for $6,000 each, the defendant avers that he was but an accommodation maker, without consideration to him, for Egozcue & Palau, and that the plaintiff bank knew this when it became the owner of them, and thereafter gave Egozcue & Palau an extension of time of payment without his knowledge. The plaintiff bank demurs to this defense.

It is the rule in equity that if the maker of a note be in fact merely one for accommodation, then, as between him and the principal, he is but a surety; and this is true as to the creditor, if he knows it. It is, however, the English rule and the rule at common law that an accommodation maker is regarded as the principal debtor, although the creditor may have knowledge when he takes the paper that it was executed by the maker without consideration and merely for accommodation of the real debtor; and an extension of time of payment without the maker's consent will not discharge him, but only payment or release will do so.

In the United States the decisions are conflicting whether at law, in such a case, the maker is discharged; but the majority hold he is; and I fail to see why the rule should not be the same at law as in equity.

The defendant, Manuel Argueso, was but a surety as between him and Egozcue & Palau. This is true also as to the bank,

as it had knowledge of it when it acquired the paper. If, therefore, it gave an extension of payment, for any sufficient consideration, to said firm, then this operated as a new contract, and the defendant, as an accommodation maker, was thereby released.

Mere indulgence, however, to a principal, does not release a surety. To do so, it must be by contract binding upon the creditor. If, notwithstanding it, suit can be brought at once upon the obligation, it does not operate to release the surety. The defect in the plea as to these two notes is that it fails to aver the extension was given for any consideration. Horne v. Bodwell, 5 Gray, 457; Randolph, Com. Paper, §§ 492-964. The demurrer as to so much of the plea as sets forth this defense is therefore sustained.

In an additional plea, and as a defense to all of the notes sued upon, it is averred that they have never been listed for taxation as provided by the revenue law of Porto Rico, and no tax has ever been paid thereon. Section 301 of the Political Code of Porto Rico provides that, if anyone shall fail to list any notes which are subject to taxation, the same shall not be recoverable in any court of the island until they have been properly listed and the taxes and penalties paid thereon. A question arises as to the validity of this statute; whether or not it deprives a person of free recourse to the insular courts. But it is unnecessary to consider it. Said section does not purport to destroy the obligation of the contract. It could not do so. A vested right cannot be forfeited by a legislative act. It would not be due process of law, and an owner cannot thus be devested of his property. The insular legislature has merely provided that, if the owner does not assess the notes, it therefore takes away from him the use of the agencies created by it for

Bank of Porto Rico v. Argueso.

collection. It has control over the remedies of suitors in its own courts, save it cannot affect by legislation the obligation itself. The statute in question must be held, however, as applying only to the courts created by the legislature of Porto Rico, or existing by its will, and not to this court.

The demurrer to this additional plea is, therefore, also sustained.